[No. 3,551.]

## CHARLES H. NEAL v. JOHN C. BYERS AND JAMES TALMADGE.

BILL IN EQUITY FOR A NEW TRIAL.—An application by bill in equity for a new trial, must be made promptly after the facts are discovered. It is too late to file such bill two years after the facts are discovered.

APPEAL from the District Court of the Fifth Judicial District, County of San Joaquin.

The plaintiff filed a complaint, in which, after reciting certain proceedings in former suits in which judgments were rendered against him, he asks a decree to enjoin the defendants from enforcing such judgment, and to require one of the defendants to reconvey to the plaintiff whatever title to certain land he may have acquired under a decree in one of the former suits. The defendants had judgment upon demurrer, and the plaintiff appealed.

*Budd & Scaniker*, for Appellant, argued that a bill in equity for a new trial could be filed within four years after the discovery of the fraud, and cited Laws 1850, p. 345, Sec. 17.

*J. B. Hall* and *Byers & Elliott*, for Respondents, argued that the bill was filed too late, and cited *Fisher* v. *Boady*, 1 Curtis, Ct. 206; *Mitchell* v. *Berry*, 1 Met. Ky. 602; *Hamilton* v. *Hamilton*, 18 Pa., 6 Harris, 20; *Allen* v. *Curry*, 41 Cal. 318; *Mastick* v. *Thorpe*, 29 Cal. 444.

By the COURT:

Leaving out of view other difficulties in the plaintiff's case and regarding the complaint as a bill in equity, for a new trial, it comes too late. There has been a delay of more than two years in bringing this action, after the matters alleged as ground of relief were known to the plaintiff.

Among other recognized rules governing such proceedings, is the one that application must be made promptly after the facts are discovered. Lord HARDWICKE seems to have thought that a delay of seven months was scarcely admissible. (2 Atk. 319.)

Judgment affirmed.